**ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS, INC.**
Mark P. Robinson, Jr. (CA Bar No. 054426)
Kevin Calcagnie (CA Bar No. 108994)
Daniel S. Robinson (CA Bar No. 244245)
19 Corporate Plaza Dr.
Newport Beach, CA 92660
Telephone:  (949) 720-1288
Fax:  (949) 720-1292
mrobinson@rcrsd.com
kcalcagnie@rcrsd.com
drobinson@rcrsd.com

**BERGER & MONTAGUE, P.C.**
Sherrie Savett (pro hac vice to be filed)
Shanon Carson (pro hac vice to be filed)
Jon Lambiras (pro hac vice to be filed)
1622 Locust St.
Philadelphia, PA 19103
Telephone: (215) 875-3000
Fax: (215) 875-4604
ssavett@bm.net
scarson@bm.net
jlambiras@bm.net

**NELSON & FRAENKEL LLP**
Stuart R. Fraenkel (173991)
Gabriel S. Barenfeld (224146)
707 Wilshire Blvd., Suite 3600
Los Angeles, CA  90017
Telephone:  (213) 622-6469
Fax:  (213) 622-6019
sfraenkel@nflawfirm.com
gbarenfeld@nflawfirm.com

*Counsel for Plaintiff and the Proposed Classes*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN RYAN and CAITLAN LANGE, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>EXPERIAN HOLDINGS, INC. and T-MOBILE US, INC.<br>               Defendants. | Case No. 8:15-cv-01595<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiffs Colin Ryan and Caitlan Lange ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

## NATURE OF THE CASE

1.     This is a data breach class action on behalf of 15 million consumers whose sensitive personal information including Social Security numbers, dates of birth, names, addresses, and other personal information was stolen from Defendant Experian Holdings, Inc. ("Experian") in a cyber-attack.

2.     The data belonged to consumers who applied for telephone services and/or device financing with Defendant T-Mobile US, Inc. ("T-Mobile).

3.     Defendants Experian and T-Mobile (collectively "Defendants") failed to adequately safeguard consumers' personal information.  Lack of proper safeguards provided a means for unauthorized intruders to access Experian's computer network and steal consumers' sensitive personal information.

4.     According to Experian's public announcement of the breach, the compromised data included "name, address, Social Security number, date of birth, identification number (typically a driver's license, military ID, or passport number) and additional information used in T- Mobile's own credit assessment."[1]

5.     Armed with this sensitive information, data thieves can commit a variety of crimes including, among other things, taking out loans in another person's name; opening new financial or utility accounts in another person's name; using the victim's information to obtain government benefits; filing a fraudulent tax return using the victim's information to obtain a tax refund; obtaining a driver's license or identification card in the victim's name but with another person's picture; or giving false information to police during an arrest.

6.     As a result of the breach, Plaintiffs and class members have been exposed to a heightened and imminent risk of fraud and identity theft.  Plaintiffs and class members must now and in the future closely monitor their financial

---

[1]   http://www.experian.com/data-breach/t-mobilefacts.html (last visited Oct. 2, 2015).

accounts to guard against identity theft. Class members may be faced with fraudulent debt. Class members may also incur out of pocket costs for, among other things, obtaining credit reports, credit freezes, or other protective measures to deter and detect identity theft.

7. Plaintiffs seek to remedy these harms on behalf of themselves and all similarly-situated individuals whose personal information was accessed during the breach.

8. Plaintiffs seek remedies including but not limited to statutory damages under the Fair Credit Reporting Act ("FCRA"), reimbursement of out-of-pocket losses, further credit monitoring services with accompanying identity theft insurance, and improved data security.

### PARTIES

9. Plaintiff Colin Ryan is domiciled in and a citizen of Pennsylvania. He applied for T-Mobile telephone service in or around June 2014.

10. Mr. Ryan would not have provided his sensitive personal information to T-Mobile, and would not have allowed T-Mobile to submit his information to Experian, had he been aware that Defendants lacked adequate data security safeguards.

11. Plaintiff Caitlan Lange is domiciled in and a citizen of Pennsylvania. She applied for T-Mobile telephone service in or around March 2015.

12. Ms. Lange would not have provided her sensitive personal information to T-Mobile, and would not have allowed T-Mobile to submit her information to Experian, had she been aware that Defendants lacked adequate data security safeguards.

13. Defendant Experian Holdings, Inc. is a citizen of California. Its U.S. headquarters and principal place of business are located at 475 Anton Boulevard, Costa Mesa, CA 92626. It is incorporated in Delaware.

14. Defendant T-Mobile US Inc. is a citizen of Washington. Its U.S.

3

headquarters and principal place of business are located at 12920 SE 38th Street, Bellevue, WA 98006.  It is incorporated in Delaware.

## JURISDICTION & VENUE

15.     This Court has federal question jurisdiction under 28 U.S.C.  § 1331 because claims are brought under the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681e, *et seq.*

16.     This Court has diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action involving more than 100 class members, the  amount in controversy exceeds $5,000,000 exclusive of interest and costs, and many members of the class are citizens of states different from Defendants.

17.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant Experian is headquartered here and regularly transacts business here, Defendant T-Mobile regularly transacts business here, and some of the class members reside in this District.  The causes of action arose, in part, in this District.

## FACTS

### I.     Defendants' Data Breach

18.     On October 1, 2015, Experian issued a press release stating the following in relevant part:

> Experian North America today announced that one of its business units . . . experienced an unauthorized acquisition of information from a server that contained data on behalf of one of its clients, T-Mobile, USA, Inc.  The data included some personally identifiable information for approximately **15 million consumers** in the US, including those who applied for T-Mobile USA postpaid services or device financing from **September 1, 2013 through September 16, 2015**, based on Experian's investigation to date. . . .

4

. . . .

The data acquired included **names, dates of birth, addresses, and Social Security numbers and/or an alternative form of ID like a drivers' license number, as well as additional information used in T-Mobile's own credit assessment**. No payment card or banking information was acquired.

Experian is in the process of notifying consumers that may be affected, and safeguarding their identity and personal information by offering **two years of [free] credit monitoring and identity resolution services** through ProtectMyID. To find additional information, go to www.experian.com/T-MobileFacts. . . .[2]

19. Experian also posted an announcement on its website on October 1, 2015, stating the following in relevant part:

- "Based on our investigation to date, some T-Mobile applicants who applied for services from Sept. 1, 2013 through Sept. 16, 2015 had **unauthorized disclosure** of their personal information."

- "The information that was exposed could lead to an **increased risk of identity theft**."

- "Be alert to '**phishing**' by someone who acts like a colleague or friend and requests sensitive information over email, such as passwords, social security numbers, or bank account numbers."

- "Consider placing a **fraud alert or security freeze** on your credit

---

[2]   http://www.prnewswire.com/news-releases/experian-notifies-consumers-in-the-us-who-may-have-been-affected-by-unauthorized-acquisition-of-a-clients-data-300152926.html (last visited Oct. 2, 2015) (emphasis added).

file."

- "Experian is handling notification about this unauthorized access given that the information was stored on a server in one of our business units."

- "In order to evaluate the risk level of a credit applicant, T-Mobile uses a variety of information to determine the likelihood that a borrower will be able to pay.  Information used to do this can include a consumer's payment history, as well as information from Experian or other sources.  That information is then compiled and used in their credit criteria when evaluating the risk level of an applicant."[3]

20.    On October 1, 2015, T-Mobile posted a letter from its CEO on its website.  The letter stated in relevant part:

> We have been notified by Experian, a vendor that processes our credit applications, that they have experienced a data breach.  The investigation is ongoing, but what we know right now is that the hacker acquired the records of approximately 15 million people, including new applicants requiring a credit check for service or device financing from September 1, 2013 through September 16, 2015.  These records include information such as name, address and birthdate as well as encrypted fields with Social Security number and ID number (such as driver's license or passport number), and additional information used in T-Mobile's own credit assessment.  Experian has determined that this **encryption may have been compromised**.  We are working with Experian to take protective steps for all of these consumers as quickly as possible.

---

[3]  http://www.experian.com/data-breach/t-mobilefacts.html (last visited Oct. 2, 2015) (emphasis added).

*Ryan, et al. v. Experian Holdings, Inc., et al.*
**CLASS ACTION COMPLAINT**

Obviously **I am incredibly angry about this data breach** and we will institute a thorough review of our relationship with Experian, but right now my top concern and first focus is assisting any and all consumers affected.  I take our customer and prospective customer privacy VERY seriously.  This is no small issue for us. . . .

. . . .

At T-Mobile, privacy and security is of utmost importance, so I will stay very close to this issue and I will do everything possible to continue to earn your trust every day.[4]

21.   T-Mobile also posted an announcement on its website on October 1, 2015, stating the following in relevant part:

- "**Experian has taken full responsibility for the theft of data** from its server."

- "Experian maintains a historical record of the applicant data used by T-Mobile to make credit decisions.  The data provides the record of the applicant's credit application with T-Mobile and is used to assist with credit decisions and respond to questions from applicants about the decision on their credit application.  The data is required to be maintained for a minimum period of 25 months under credit laws."

- "**All of our vendors are contractually obligated to abide by stringent privacy and security practices**, and we regularly conduct reviews of vendor security practices as necessary."

---

[4]   http://www.t-mobile.com/landing/experian-data-breach.html (last visited Oct. 2, 2015) (emphasis added).

- "Experian determined that, although Social Security and identification numbers were encrypted, the **encryption may have been compromised**."

- "Our vendors are contractually obligated to abide by stringent privacy and security practices, and **we are extremely disappointed that hackers could access the Experian network**."[5]

22.     Attorneys General from several states including at least Massachusetts, Illinois, and Connecticut are investigating Defendants' role in the breach.[6]

23.     Experian has experienced data breaches in the past.  For example, a search for "Experian" on the Privacy Rights Clearinghouse data breach compilation website (www.privacyrights.org/data-breach) reveals at least two separate breaches in 2012 in which an "unauthorized user or users was able to access credit monitoring information after managing to pass Experian's authentication process."  Thus, Experian was well aware of the risk of data breaches in its own databases.

24.     Credit reporting agencies may impose fees for credit freezes in certain states.  Such fees constitute out-of-pocket costs to class members.

25.     Credit reporting agencies offer consumers one free credit report per year.  Individuals who request more than one credit report per year must pay a fee for the additional report.  Such fees constitute out-of-pocket costs to class members.

## II.     Defendants' Privacy Policies

26.     Experian posted its privacy policy on its website.  The policy stated,

---

[5]   http://www.t-mobile.com/landing/experian-data-breach-faq.html (last visited Oct. 2, 2015) (emphasis added).

[6]   http://www.reuters.com/article/2015/10/02/us-experian-cyberattack-investigation-idUSKCN0RW2BC20151002 (last visited Oct. 2, 2015).

*Ryan, et al. v. Experian Holdings, Inc., et al.*
**CLASS ACTION COMPLAINT**

in relevant part: "Experian is held accountable for its information use by consumer privacy expectations and by laws and industry codes established by government entities and industry organizations around the world."[7]  It further stated: "We use a variety of security systems to safeguard the information we maintain and provide. . . . . **We comply with all laws and applicable self-regulatory guidelines**. . . .  **We comply with all contractual restrictions placed on information provided to Experian**."[8]

27.     T-Mobile posted its privacy policy on its website.  The privacy policy stated, in relevant part: "**We use a variety of safeguards to protect the information we collect about you**. . . .  We collect information about your . . . banking information, Social Security number, and credit history for account opening, management and billing and collection purposes. . . .  We use a variety of physical, electronic, and procedural safeguards to protect Personal Information from unauthorized access, use, or disclosure while it is under our control."[9]

28.     The implication from these privacy policies was that Defendants would reasonably safeguard class members' data, and that Defendants were unaware of any significant weaknesses in their data security.

### CLASS ACTION ALLEGATIONS

29.     Plaintiffs bring all claims as class claims under Federal Rule of Civil Procedure 23.  The requirements of Federal Rule of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) are met with respect to the class.

30.     The proposed class ("Class") is defined as follows:

> All persons in the United States whose personal information
> was accessed by unauthorized individuals in the data breach

---

[7]   http://www.experian.com/privacy/accountability.html (last visited Oct. 2, 2015).

[8]   http://www.experian.com/privacy/information_values.html (last visited Oct. 2, 2015) (emphasis added).

[9]   https://www.t-mobile.com/company/website/privacypolicy.aspx (last visited Oct. 2, 2015) (emphasis added).

announced by Experian and T-Mobile on October 1, 2015.

31.   Excluded from the class are Defendants and their current employees.

32.   The class is so numerous that joinder of all members is impracticable. The class includes approximately 15 million individuals whose personal information was compromised by the data breach.

33.   There are various questions of law and fact common to Plaintiffs and the class, including but not limited to the following:

- whether Defendants engaged in the wrongful conduct alleged herein;
- whether Defendants owed a duty to Plaintiffs and class members to adequately protect their personal information;
- whether Defendants breached their duties to protect personal information of Plaintiffs and class members;
- whether Defendants knew or should have known that their data security systems and processes were vulnerable to attack;
- whether Plaintiffs and class members suffered legally cognizable damages as a result of Defendants' conduct;
- whether Experian's conduct violated the Fair Credit Reporting Act; and
- whether Plaintiffs and class members are entitled to equitable relief including injunctive relief.

34.   Plaintiffs' claims are typical of the claims of the class in that Plaintiffs, like all class members, had their personal information compromised in the data breach.

35.   Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in class action and complex litigation, including data breach litigation.

36.   Plaintiffs have no interests that are adverse to, or in conflict with, the class.

37.     Questions of law and fact common to the class predominate over any questions which may affect only individual class members.

38.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation.

39.     Absent a class action, most class members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy.

40.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members, which would establish incompatible standards of conduct for Defendants.  In contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each class member.

41.     Defendants have acted on grounds that apply generally to the class, so that injunctive relief is appropriate with respect to the class as a whole under Fed. R. Civ. P. 23(b)(2).

**COUNT I**

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**(Against Experian)**

42.     Plaintiffs incorporate by reference those paragraphs set out above as if fully set forth herein.

43.     Under the FCRA, a "consumer reporting agency" is defined as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . ."  15 U.S.C. § 1681a(f).

44.     Experian is a consumer reporting agency under the FCRA because it,

11

for monetary fees, regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties including T-Mobile.

45.     Under the FCRA, a "consumer report" is defined as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for -- (A) credit . . . to be used primarily for personal, family, or household purposes; . . . or (C) any other purpose authorized under section 1681b of this title." 15 U.S.C. § 1681a(d)(1).

46.     The compromised data was a consumer report under the FCRA because it was a communication of information bearing on class members' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used for the purpose of serving as a factor in establishing the class members' eligibility for credit.

47.     As a consumer reporting agency, Experian is required to "maintain reasonable procedures designed to . . . limit the furnishing of consumer reports to the purposes listed under section 1681b of this title." 15 U.S.C. § 1681e(a).

48.     None of the purposes listed under 15 U.S.C. § 1681b permit credit reporting agencies to disclose consumer reports to unauthorized individuals such as computer hackers.

49.     Experian willfully and/or recklessly failed to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes outlined under section 1681b of the FCRA.  Experian's willful and/or reckless conduct is supported by, among other things, the fact that Experian experienced other data breaches in the past.  Also, Experian's core business model involves

12

data compilation and analysis, thus Experian was well aware of the importance of and risks to data security.

50.     Experian's willful and/or reckless conduct provided a means for unauthorized intruders to obtain Plaintiffs' and class members' personal information for no permissible purposes under the FCRA.

51.     Plaintiffs and class members have been damaged by Experian's willful and/or reckless violation of the FCRA.

52.     Plaintiffs and class members are entitled to recover "any actual damages sustained by the consumer . . . **or** damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A) (emphasis added).

53.     Plaintiffs and class members are also entitled to punitive damages, costs of the action, and reasonable attorneys' fees. 15 U.S.C. § 1681n(a)(2), (3).

## COUNT II
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Experian)

54.     Plaintiffs incorporate by reference those paragraphs set out above as if fully set forth herein.

55.     Experian was negligent in failing to maintain reasonable procedures to protect Plaintiffs' and class members' personal information and consumer reports.

56.     Experian's negligent conduct provided a means for unauthorized intruders to obtain Plaintiffs' and class members' personal information and consumer reports for no permissible purposes under the FCRA.

57.     Plaintiffs and class members have been damaged by Experian's negligent violation of the FCRA.

58.     Plaintiffs and class members are entitled to recover "any actual damages sustained by the consumer." 15 U.S.C. § 1681o(a)(1).

59.     Plaintiff and class members are also entitled to recover their costs of the action, as well as reasonable attorneys' fees. 15 U.S.C. § 1681o(a)(2).

## COUNT III

## NEGLIGENCE

### (Against Both Defendants)

60.     Plaintiffs incorporate by reference those paragraphs set out above as if fully set forth herein.

61.     Defendants owed a duty to Plaintiffs and class members to exercise reasonable care in obtaining, retaining, and safeguarding their sensitive personal information.  This duty included, among other things, designing, maintaining, monitoring, and testing Defendants' security systems and procedures to ensure that class members' information was adequately secured.

62.     Defendants owed a duty to class members to implement intrusion detection processes that would detect a data breach in a timely manner.

63.     Defendants also had a duty to delete any personal information that was no longer needed to serve client needs.

64.     Defendants' privacy policies acknowledged Defendants' duty to adequately protect class members' personal information.

65.     Experian owed a duty to safeguard class members' personal information as set forth in the FCRA, 15 U.S.C. §§ 1681b, 1681e(a).

66.     T-Mobile owed a duty to ensure that Experian, as T-Mobile's contractual partner, maintained reasonable security measures.  T-Mobile acknowledged this duty on its website, stating: "All of our vendors are contractually obligated to abide by stringent privacy and security practices, and we regularly conduct reviews of vendor security practices as necessary."[10]

67.     Defendants owed a duty to disclose the material fact that Defendants' data security practices were inadequate to safeguard class members' personal information.

68.     Defendants breached their duties by, among other things: (a) failing to

---

[10]   http://www.t-mobile.com/landing/experian-data-breach-faq.html (last visited Oct. 2, 2015).

maintain adequate data security practices to safeguard class members' personal information; (b) failing to detect the data breach in a timely manner; and (c) failing to disclose that Defendants' data security practices were inadequate to safeguard class members' personal information.

69. But for Defendants' breach of their duties, class members' personal information would not have been accessed by unauthorized individuals.

70. Plaintiffs and class members were foreseeable victims of Defendants' inadequate data security practices. Defendants knew or should have known that a breach of its data security systems would cause damages to class members.

71. Plaintiffs and the class suffered damages as set forth in paragraph 6 above.

72. Damages to Plaintiffs and the class were caused by, and a proximate result of, Defendants' breaches of their duties.

## COUNT IV
## BREACH OF IMPLIED CONTRACT
### (Against Both Defendants)

73. Plaintiffs incorporate by reference those paragraphs set out above as if fully set forth herein.

74. When class members provided their personal information to T-Mobile, and/or allowed T-Mobile to provide class members' personal information to Experian, class members entered into implied contracts with Defendants.

75. Pursuant to the implied contracts, Defendants agreed to take reasonable measures to safeguard and protect class members' sensitive information.

76. Plaintiffs and class members would not have entrusted their personal information to Defendants in the absence of Defendants' implied promises to adequately safeguard the data.

77. Defendants breached the implied contracts by failing to provide

15

reasonable data security measures to safeguard the information.

78.     Damages sustained by Plaintiffs and class members described in paragraph 6 above were the direct and proximate result of Defendants' breaches of the implied contracts.

# COUNT V

# BREACH OF EXPRESS CONTRACT

## (Against Both Defendants)

79.     Plaintiffs incorporate by reference those paragraphs set out above as if fully set forth herein.

80.     T-Mobile entered into express contracts with class members who input their personal information into T-Mobile's systems when applying for T-Mobile's services.

81.     Plaintiffs and class members are intended third party beneficiaries of T-Mobile's contract with Experian to provide credit evaluation services.

82.     Defendants have a contractual obligation to maintain the security of class members' personal information, as noted in Defendants' privacy policies.

83.     When class members provided their personal information to Defendants, class members entered into contracts with Defendants pursuant to which Defendants agreed to take reasonable measures to safeguard and protect such information.

84.     When T-Mobile provided class members' personal information to Experian, class members were the intended third party beneficiaries of Experian's contractual duty to safeguard the data.

85.     Plaintiffs and class members would not have entrusted their personal information to Defendants, directly or indirectly, in the absence of Defendants' promise to adequately safeguard the data.

86.     Defendants breached their contracts by failing to provide reasonable data security.

16

87.     Damages sustained by Plaintiffs and class members described in paragraph 6 above were the direct and proximate result of Defendants' breaches of their contracts.

**COUNT VI**

**VIOLATION OF CALIFORNIAUNFAIR COMPETITION LAW ("UCL")**
**CAL. BUS. & PROF. CODE § 17200, *et seq*.**

**(Against Both Defendants)**

88.     Plaintiffs incorporate by reference those paragraphs set out above as if fully set forth herein.

89.     Defendants engaged in unfair, unlawful, and fraudulent business practices in violation of the UCL.

90.     California Business & Professions Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  For the reasons discussed above, Defendants violated (and continue to violate) California Business & Professions Code § 17200 by engaging in the above-described unlawful, unfair, fraudulent, deceptive, untrue, and misleading acts and practices.

91.     Defendants violated the UCL by accepting and storing Plaintiffs' and class members' sensitive personal information but failing to take reasonable steps to protect it.  In violation of industry standards and best practices, Defendants also violated consumer expectations to safeguard personal information and failed to notify consumers that Defendants did not have reasonable safeguards in place.

92.     Defendants' wrongful acts and practices also constitute "unlawful" business acts and practices in violation of California's fraud and deceit statutes, Cal. Civ. Code §§ 1572, 1573, 1709, 1711, Business & Professions Code §§ 17200, *et seq*., § 17500, *et seq*., and the common law.

93.     Defendants' wrongful acts and practices also constitute "unfair" business acts and practices, in that the harm caused by Defendants' wrongful

17

conduct outweighs any utility of such conduct, and such conduct (i) offends public policy, (ii) is immoral, unscrupulous, unethical, oppressive, deceitful and offensive, and/or (iii) has caused and will continue to cause substantial injury to consumers such as Plaintiffs and the class.

94.     There were reasonably available alternatives to further Defendants' legitimate business interests, including using best practices to protect class members' personal information, other than Defendants' wrongful conduct described herein.

95.     Plaintiffs allege violations of California consumer protection and unfair competition laws resulting in harm to consumers.  Plaintiffs assert violations of public policy against engaging in unfair competition, and deceptive conduct towards consumers.  This conduct also constitutes violations of the "unfair" prong of California Business and Professions Code § 17200.

96.     On information and belief, Defendants' unlawful and unfair business practices, except as otherwise indicated herein, continue to this day and are ongoing.  As a direct and/or proximate result of Defendants' unfair practices, Plaintiffs and the class have suffered injury in fact in connection with the data breach, for which they are entitled to compensation – as well as restitution, disgorgement, and/or other equitable relief.  Cal. Bus. & Prof. Code § 17203.

97.     Plaintiffs and the class were injured in fact by, among other things, time and expenses related to monitoring their financial accounts for fraudulent activity.

98.     Plaintiffs and the class also are entitled to injunctive relief, under California Business and Professions Code §§ 17203, 17204, to stop Defendants' wrongful acts and to require Defendants to maintain adequate security measures to protect the personal and financial information in their possession.

**RELIEF REQUESTED**

Plaintiffs, on behalf of themselves and all others similarly situated, request that the Court enter judgment against Defendants as follows:

A.     An award to Plaintiffs and the class of compensatory, consequential, incidental, and statutory damages;

B.     An award of further credit monitoring and identity theft protection services beyond the two years Experian is currently offering;

C.     Injunctive relief requiring Defendants to strengthen their data security systems and submit to future periodic audits;

D.     An award of attorneys' fees, costs, and expenses, as provided by law or equity;

E.     An award of pre-judgment and post-judgment interest, as provided by law or equity; and

F.     Such other or further relief as the Court may allow.

Dated: October 5, 2015                    Respectfully submitted,

_____//Daniel S. Robinson_____
**ROBINSON CALCAGNIE ROBINSON**
**SHAPIRO DAVIS, INC.**
Mark P. Robinson, Jr. (CA Bar No. 054426)
Kevin Calcagnie (CA Bar No. 108994)
Daniel S. Robinson (CA Bar No. 244245)
19 Corporate Plaza Dr.
Newport Beach, CA 92660
mrobinson@rcrsd.com
kcalcagnie@rcrsd.com
drobinson@rcrsd.com

1

        _____//Sherrie Savett_____
2       **BERGER & MONTAGUE, P.C.**
        Sherrie Savett
3       Shanon Carson
        Jon Lambiras
4       1622 Locust St.
        Philadelphia, PA 19103
5       Telephone:   (215) 875-3000
        Fax:             (215) 875-4604
6       ssavett@bm.net
7       scarson@bm.net
        jlambiras@bm.net
8

        _____//Stuart R. Fraenkel_____
9       **NELSON & FRAENKEL LLP**
10      Stuart R. Fraenkel (173991)
        Gabriel S. Barenfeld (224146)
11      707 Wilshire Blvd., Suite 3600
        sfraenkel@nflawfirm.com
12      gbarenfeld@nflawfirm.com
13

14      *Counsel for Plaintiffs and the Proposed Class*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues in this action so triable of right.

Dated: October 5, 2015                    Respectfully submitted,

                              _____//Daniel S. Robinson_____
                              **ROBINSON CALCAGNIE ROBINSON**
                              **SHAPIRO DAVIS, INC.**
                              Mark P. Robinson, Jr. (CA Bar No. 054426)
                              Kevin Calcagnie (CA Bar No. 108994)
                              Daniel S. Robinson (CA Bar No. 244245)
                              19 Corporate Plaza Dr.
                              Newport Beach, CA 92660
                              mrobinson@rcrsd.com
                              kcalcagnie@rcrsd.com
                              drobinson@rcrsd.com

                              _____//Stuart R. Fraenkel_____
                              **NELSON & FRAENKEL LLP**
                              Stuart R. Fraenkel (173991)
                              Gabriel S. Barenfeld (224146)
                              707 Wilshire Blvd., Suite 3600
                              Los Angeles, CA  90017
                              sfraenkel@nflawfirm.com
                              gbarenfeld@nflawfirm.com

                              **BERGER & MONTAGUE, P.C.**
                              Sherrie Savett
                              Shanon Carson
                              Jon Lambiras
                              1622 Locust St.
                              Philadelphia, PA 19103
                              ssavett@bm.net
                              scarson@bm.net

21

jlambiras@bm.net

*Counsel for Plaintiffs and the Proposed Class*

*Ryan, et al. v. Experian Holdings, Inc., et al.*
**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Class Action Complaint